**FOLEY & LARDNER LLP**
CYNTHIA J. FRANECKI (*PRO HAC VICE*)
CFRANECKI@FOLEY.COM
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202
TELEPHONE: 414.271.2400
FACSIMILE: 414.297.4900

**FOLEY & LARDNER LLP**
JUSTIN E. GRAY (*PRO HAC VICE*)
JEGRAY@FOLEY.COM
TAMMY H. BOGGS, SBN 252538
TBOGGS@FOLEY.COM
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

ATTORNEYS FOR DEFENDANT MLB ADVANCED MEDIA, L.P.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASEBALL QUICK, LLC, a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> MLB ADVANCED MEDIA, L.P., a Delaware corporation, and DOES 1 THROUGH 5, inclusive, <br><br> Defendants. | Case No: 3:10-cv-01758-DMS-WVG <br><br> **ANSWER, DEFENSES AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL (INJUNCTIVE RELIEF REQUESTED)** <br><br> Judge:   Hon. Dana M. Sabraw <br> Date:    Complaint Filed: August 23, 2010 |

Defendant MLB Advanced Media, L.P. ("MLBAM") hereby submits its Answer to Baseball Quick's Complaint for Patent Infringement and Demand for Jury Trial (Injunctive Relief Requested) ("Complaint") as follows:

## JURISDICTION AND VENUE

1. This paragraph contains only legal conclusions and statements that purport to characterize the nature of this litigation. MLBAM denies that the Complaint states a valid claim. To the extent any further response is required, the allegations are denied.

2. MLBAM admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. Denied.

## THE PARTIES

4. MLBAM lacks information sufficient to admit or deny the allegations of this paragraph, and, therefore, denies the same.

5. Admitted.

## BACKGROUND FACTS

6. MLBAM lacks information sufficient to admit or deny the allegations of this paragraph, and, therefore, denies the same.

7. MLBAM admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 7,628,716, which lists on its face a filing date of June 9, 2001, an issue date of December 8, 2002, and named inventors George M. Mockry and Greg M. Mockry. MLBAM lacks information sufficient to admit or deny the remaining allegations of this paragraph, and, therefore, denies the same.

8. MLBAM lacks information sufficient to admit or deny the allegations of this paragraph, and, therefore, denies the same.

9. MLBAM lacks information sufficient to admit or deny the allegations of this paragraph, and, therefore, denies the same.

10. MLBAM lacks information sufficient to admit or deny the allegations of this paragraph as the phrase "related entity" is vague and ambiguous, and, therefore, denies the same

11. MLBAM responds that Major League Baseball is an unincorporated association of thirty professional baseball clubs, which operate at the highest level of professional baseball in the United States and Canada. To the extent any portion of this response is inconsistent with the allegations of paragraph 11 of the Complaint, those allegations are denied.

12. MLBAM admits that Greg Mockery corresponded with Ethan Orlinsky on or about August 1, 2000. The letter speaks for itself. The remaining allegations of paragraph 12 are denied.

13. Denied.

14. Admitted.

15. Admitted.

16. MLBAM admits to receiving a letter dated on or about February 4, 2010, and admits to responding by letter dated on or about February 12, 2010. Both letters speak for themselves. To the extent the remaining allegations of paragraph 16 are inconsistent with those letters, they are denied.

**COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,628,716**

17. MLBAM incorporates its answers to paragraphs 1-16 as though fully restated herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

**COUNT II – INJUNCTIVE RELIEF OF U.S. PATENT NO. 7,628,716**

24. MLBAM incorporates its answers to paragraphs 1-23 as though fully restated herein.

25. Denied.

26. Denied.

## PRAYER FOR RELIEF

MLBAM denies that Baseball Quick is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

MLBAM asserts the following affirmative and other defenses and reserves the right to amend its answer to assert any other basis for invalidity, unenforceability or any other defense:

## FAILURE TO STATE A CLAIM

27. The Complaint fails to state a claim upon which relief can be granted against MLBAM.

## NON-INFRINGEMENT

28. MLBAM does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '716 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

## INVALIDITY

29. The '716 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PROSECUTION HISTORY ESTOPPEL

30. Based on statements made by the applicant during prosecution and appeal of the '716 patent, Baseball Quick is estopped from asserting that MLBAM infringes the '716 patent.

## LICENSE

31. Based on statements made by the applicant on its website during prosecution, any use occurring before the date the patent issued was licensed.

## COUNTERCLAIMS

32. Counterclaim-Plaintiff MLB Advanced Media, L.P. ("MLBAM") is a Delaware limited partnership.

33. Upon information and belief, Counterclaim-Defendant Baseball Quick, LLC ("Baseball Quick") is incorporated under the laws of the State of New York, and has a regular and established place of business at 185 Cook Road, Massena, New York.

**JURISDICTION AND VENUE**

34. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., for a declaratory judgment that patents purportedly owned by Baseball Quick are not infringed by MLBAM and are invalid.

35. A valid and justiciable controversy regarding the '716 patent has arisen because Baseball Quick is asserting infringement of this patent by MLBAM and MLBAM denies these assertions. Therefore, this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

36. This Court has personal jurisdiction over Baseball Quick and venue is proper at least with regard to any claims that can be asserted against Baseball Quick because Baseball Quick has voluntarily appeared and consented to this venue by filing its claims for patent infringement here. By asserting these claims, however, MLBAM does not concede that venue is proper as to any claims asserted against it.

**COUNT I**

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,628,716)**

37. MLBAM realleges and incorporates herein be reference the allegations contained in paragraphs 1 through 36.

38. MLBAM has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the '716 patent, either literally or under the doctrine of equivalents.

**COUNT II**

**(Request for Declaratory Judgment of Invalidity of U.S. Patent No. 7,628,716)**

39. MLBAM realleges and incorporates herein be reference the allegations contained in paragraphs 1 through 38.

40. The '716 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, MLBAM prays for judgment as follows:

A. Declare that MLBAM has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the '716 patent, either literally or under the doctrine of equivalents.

B. Declare that the claims of the '716 patent are invalid.

C. Enter an order preliminarily and permanently enjoining Baseball Quick, its officers, directors, servants, managers, employees, agents, successors, and assignees, and all persons in active concert or participation with any of them, from directly or indirectly charging MLBAM with infringement of any claim of the '716 patent.

D. Declare this case exceptional under 35 U.S.C. § 285 and award MLBAM its reasonable attorneys' fees, expenses, and costs incurred in this action; and

E. Award MLBAM such other and further relief as this Court deems just and proper.

Dated:  January 3, 2011                FOLEY & LARDNER LLP


By:  /s/ Justin E. Gray
        CYNTHIA J. FRANECKI
        cfranecki@foley.com
        777 East Wisconsin Avenue
        Milwaukee, WI 53202
        Telephone: 414.271.2400
        Facsimile:  414.297.4900

        JUSTIN E. GRAY
        jegray@foley.com
        TAMMY H. BOGGS, SBN 252538
        tboggs@foley.com
        3579 Valley Centre Drive, Suite 300
        San Diego, CA 92130
        Telephone: 858.847.6700
        Facsimile:  858.792.6773

Attorneys for Defendant MLB Advanced Media, L.P.

ANSWER, DEFENSES AND COUNTERCLAIMS TO COMPLAINT
CASE NO. 3:10-CV-01758-DMS-WVG
DLMR_831067.1

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 3, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

            /s/ Justin E. Gray
            Justin E. Gray